# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Ronald Dean

    Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 06-30404

## DECISION AND ORDER

    This cause is before the Court after an Evidentiary Hearing on the Debtor's Objection to the Amended Claim of Option One Mortgage Corp. (Claim #1-2). After considering the arguments of the Parties at the Hearing, the Court issued an oral order, sustaining the Debtor's objection in part, by revising downward, from $10,144.62 to $9,755.94, the arrearage amount set forth in the Creditor's amended claim. Pursuant to Bankruptcy Rules 7052 and 9014, the following constitutes this Court's findings of fact and conclusions of law with respect to this holding.

## BACKGROUND

    On March 15, 2006, the Debtor filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. On September 25, 2006, the Creditor amended its original proof of claim, revising upward its arrearage claim from $9,594.62 to $10,144.62. In its amended claim, the Creditor attached a statement containing the following arrearage charges:

| | |
|---|---|
| $4,084.00 | 10 Payments @ $408.40 (5/2005-2/2006) |
| $424.98 | 1 Payment @ $424.98 (3-2006) |
| $441.00 | 18 Payment Late Charges @ $24.50 |
| $170.00 | BPO |

In re Ronald Dean
Case No. 06-30404

| | |
|---|---|
| $47.10 | Other Advances |
| $3,540.32 | Escrow Shortage |
| ($64.78) | Suspense Balance |
| $1,502.00 | Foreclosure Cost |

Total $10,144.62

The Debtor, on October 20, 2006, filed a Motion to Disallow the Creditor's amended claim. In his Motion, the Debtor stated that, of the above items, the "payment arrearage of $4,508.98 and the escrow shortage of $3,540.32 are the only items to which Debtor agrees." (Doc. No. 60, at pg. 1). Resultantly, the Debtor explicitly challenged the following four charges:

| | |
|---|---|
| $47.10 | Property Inspection (labeled "Other Advances" in the statement filed by the Creditor) |
| $170.00 | Broker Price Opinion (labeled "BPO" in the statement filed by the Creditor) |
| $441.00 | Late Charges |
| $1,502.00 | Foreclosure costs |

At the Hearing, however, Debtor's counsel further clarified that only the last two charges, the Late Charges and the Foreclosure costs, were now in dispute.

## DISCUSSION

Before this Court is the Debtor's objection to the Amended Claim of Option One Mortgage Corp. (Claim #1-2). A determination of an objection to a claim is deemed to be a "core proceeding"

Page 2

In re Ronald Dean
Case No. 06-30404

over which this Court has been conferred with the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(B).

A timely filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If, as here, an objection to a claim is made, paragraph (b) of § 502 directs that a court is to determine the amount of the claim as of the date the petition was filed. Thereafter, a court "shall allow such claim . . . except to the extent that any of the exceptions set forth in paragraph (b) are applicable, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" 11 U.S.C. § 502(b)(1).

Although this exception (or for that matter any other exception) to the claim's allowance process is nowhere referenced by the Debtor, it was assumed at the Hearing that, with respect to his objection to the above cited arrearage charges, the Debtor was relying on their unenforceability under this provision. As taken from his brief to the Court, "the alleged costs . . . are an unwarranted and illegal burden on Debtor" and "[s]ome of these fees should be the responsibility of the lender and . . . are excessive and should be reviewed by the Court." (Doc. No. 60, at pg. 2).

In a contested matter, the overall burden of persuasion to establish a claim's allowability is placed upon the claimant. *Morton v. Morton (In re Morton)*, 298 B.R. 301, 307 (6th Cir. B.A.P. 2003). However, as an initial evidentiary matter, Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." In other words, so long as a proof of claim is properly filed and in correct form, the objecting party is charged first with coming forth with evidence contradicting the claim. *See, Id.* ("debtor has the initial burden of establishing a colorable challenge to a properly filed proof of claim").

Page 3

In re Ronald Dean
Case No. 06-30404

In this way, the Debtor offered nothing of substance, either at the Hearing or in his brief to the Court, to further his position. Although Debtor's counsel sought to call as a witness Creditor's local legal counsel, no witnesses with first hand knowledge of the transaction in question were called; nor did the Debtor offer any documentary evidence to dispute the Creditor's claim. Also, the Debtor did not cite this Court to any legal authority, statutory or otherwise, supporting his position. Instead, the Debtor simply reiterated that the Court should make an independent examination as to the reasonableness of the arrearage charges assessed by the Creditor.

As a purely legal matter, therefore, this Court's analysis would ordinarily stop. Both the Creditor's proof of claim, and its amendment thereto, must be view as filed properly and in correct form, thereby giving rise to the *prima facie* presumption of validity: They both contained a copy of the mortgage as required under Bankruptcy Rule 3001(c); the original claim was submitted on the official form as required by Bankruptcy Rule 3001(a); and, with respect to the arrearage sought by the Creditor, an itemized list of the charges accompanied its claim.

Nevertheless, in the interests of equity, and so as to further the fresh-start policy underlying the Bankruptcy Code, this Court, in accordance with its statutory authority under 11 U.S.C. § 105(a),[1] undertook at the Hearing to review the propriety of those charges included in the Creditor's proof of claim. Based upon his review, the Court made the following downward revisions in the charges assessed by the Creditor:

First, the Court reduced from $441.00 to $269.50 the allowable late charges assessed by the Creditor. The reason: the Creditor's figure was based upon the assessment of 18 late charges (each @ $24.50), but of those, the evidence only supported that the Debtor was late on 11 occasions,

---

[1] In relevant part, § 105(a) provides, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Page 4

In re Ronald Dean
Case No. 06-30404

representing his missed payments. Second, the Court, as unreasonable and unsubstantiated, disallowed the $170.00 'Broker Price Opinion' fee assessed by the Creditor, along with the $47.10 charge it assessed for a property inspection. Based then upon these revisions, totaling $388.60, the Court revised downward the Creditor's amended claim for arrearage from $10,144.62 to $9,755.94 (the actual figure is eight cents higher, $9,756.02, but at the Hearing, a figure was transposed during the Court's calculation. As this error is slight and in the Debtor's favor, the Court will use the figure stated orally at the Hearing.)

Accordingly, in accordance with these findings of fact and conclusions of law, it is hereby

**ORDERED** that the Debtor's Objection to the Amended Claim of Option One Mortgage Corp. (Claims #1-2), be, and is hereby, SUSTAINED IN PART.

***IT IS FURTHER ORDERED*** that, as an arrearage, the Creditor, Option One Mortgage Corp., shall be allowed, in its amended proof of claim, the amount of $9,755.94.

Dated: November 21, 2006

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 5

# CERTIFICATE OF SERVICE

Copies were mailed this 20th day of November, 2006 to:


Ronald P. Dean
2220 Bays Road
Risingsun, OH 43457

Beryl W Stewart
103 W Main St
Wayne, OH 43466

Anthony B DiSalle
316 N Michigan St
Toledo Bldg
#501
Toledo, OH 43624

Option One Mortgage Corporation
1270 Northland Drive
Suite 200
Mendota Heights, MN 55120

Edward A Bailey
PO Box 968
Twinsburg, OH 44087

Recovery Management Systems Corporation
25 S E Second Ave
Ingraham Bldg, Ste 1120
Miami, FL 33131


                        /s/Jennifer S Huff
                        Deputy Clerk, U.S. Bankruptcy Court